# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. WASHINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>R. HERNANDEZ, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01439-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>[ECF Nos. 9, 12]<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Michael A. Washington is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 28, 2016, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 8.) On September 18, 2017, after being served in this matter, Defendants Chambers, Denney, Hernandez, Stane and Stinson declined to Magistrate Judge jurisdiction.

On May 25, 2017, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B), and found that it stated a claim for excessive force in violation of the Eighth Amendment against Defendants Chambers, Denney, Hernandez, Stane, and Stinson. (ECF No. 9.) Plaintiff was provided an opportunity to amend the complaint, or to notify the Court that he wished to proceed only on the cognizable claims identified in the screening order. Following Plaintiff's written notification that he would not amend his

complaint, (ECF No. 10), on June 16, 2017, the Court dismissed all other claims and defendants for the failure to state a cognizable claim for relief, (ECF No. 12.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c), based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (See id. at 1.)

## I.  Williams v. King

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Here, no defendant was yet served at the time that the Court screened the complaint, and therefore none had appeared or consented to Magistrate Judge jurisdiction. Because all defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Accordingly, the Court did not have jurisdiction to dismiss the claims an defendants described in its June 16, 2017 order.

Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to a District Judge that the non-cognizable claims be dismissed.

## II.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-

65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Allegations

Plaintiff is currently incarcerated at Pelican Bay State Prison, in Crescent City, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff named the following defendants: (1) Correctional Officer R. Hernandez; (2) Correctional Officer M. Stane; (3) Correctional Officer R. Stinson; (4) Correctional Officer M. Chambers; (5) Lieutenant P. Chanelo; and (6) Sergeant J. Denney. Plaintiff alleges as follows:

On September 9, 2014, Defendants Stane and Hernandez pulled Plaintiff and another Inmate out of the A-yard Law Library for a body search. After Plaintiff was searched and wanded, and as he was walking back to the law library, Defendant Hernandez pushed his head into the wall. When Plaintiff asked why Hernandez did that, Defendants Hernandez and Stane rushed Plaintiff, dragged him, pushed him into a wall, and slammed him onto the ground. Defendant Stane sprayed Plaintiff in his face with O.C. pepper spray. Then they began punching, kicking, and hitting Plaintiff with their batons.

Defendants Denney and Chambers came and joined the assault. Defendant Chambers was hitting Plaintiff with his baton, and Defendant Denney sat on Plaintiff's legs. Defendant Stinson

3

came and started hitting Plaintiff in the head with an O.C. pepper spray can, and smashed Plaintiff's right hand into the ground with his left foot.

Defendant Chanelo then came and put his knee in Plaintiff's back, twisted his arms "chicken winging" him, and handcuffed him.

Plaintiff allegedly suffered two gashes to his head (which required stitches and bandaging), a gash to his right middle finger (which required stitches), and multiple scratches, bumps, and bruises.

Plaintiff alleges that the Defendants' actions constituted an unlawful use of unnecessary excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff is requesting $100,000 in compensatory, nominal, and punitive damages for his pain and suffering, and any other relief that the court deems just and proper.

## IV. Discussion

### A. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992)(citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . .[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether

or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff has stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Hernandez and Stane for allegedly attacking him on September 9, 2014. Plaintiff has alleged that in response to his verbal inquiry, Defendants Hernandez and Stane rushed Plaintiff, dragged him, pushed him into a wall, and slammed him onto the ground. Defendant Stane also sprayed Plaintiff in his face with O.C. pepper spray, and they both began punching, kicking, and hitting Plaintiff with their batons. Plaintiff further alleges that the attack resulted in physical injuries. These facts are sufficient to state a claim for excessive force against both Defendants Hernandez and Stane.

Plaintiff has also stated a cognizable claim for excessive force against Defendants Denney, Chambers, and Stinson for joining the alleged assault. Liberally construed, Plaintiff has alleged that Defendants Denny and Chambers arrived during the assault by Defendants Hernandez and Stane, and aided them by sitting on Plaintiff's legs and hitting Plaintiff with a baton, respectively. Then, Defendant Stinson allegedly came and joined in the assault by hitting Plaintiff with a can of O.C. pepper spray and smashing Plaintiff's hand with his foot. Plaintiff alleges that these acts caused physical injuries. These allegations are sufficient to state a claim for excessive force in light of the circumstances.

However, Plaintiff has not stated sufficient allegations to show a cognizable claim for excessive use of force against Defendant Chanelo. As currently alleged, Plaintiff's allegations against Defendant Chanelo are insufficient to describe any use of excessive force under the circumstances. Generally, handcuffing an inmate involves some *de minimus* use of force, and the complaint does not specify any injuries in the handcuffing, or allege facts showing that there was a more than *de minimus* use of force, or that any use of force continued after Plaintiff was restrained.

**B. Supervisory Liability**

Generally, supervisors cannot be held liable for the actions of their subordinates based on a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). However, "[a]

supervisor can be liable in his individual capacity 'for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation . . .; or for conduct that showed a reckless or callous indifference to the rights of others.'" Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal quotations and citations omitted). Supervisory liability requires facts showing that "the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has specified that Defendant Chanelo was a Lieutenant and the other defendants were a Sergeant and Correctional Officers. To the extent he is attempting to do so, Plaintiff has not stated a claim against Defendant Chanelo based on any theory of supervisory liability. As alleged, Defendant Chanelo came and handcuffed Plaintiff after the other Defendants assaulted Plaintiff. There are no facts stating that Defendant Chanelo participated in, knew of, or directed the other Defendants' use of excessive force. Nor are there any allegations that after arriving at the scene, Defendant Chanelo failed to prevent any use of excessive force. For these additional reasons, Plaintiff has failed to state a claim against Defendant Chanelo.

## V. **Conclusion and Recommendation**

Plaintiff's complaint stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Stane, Stinson, Chambers, and Denney. However, Plaintiff failed to state any other cognizable claim.

As noted above, Plaintiff was provided an opportunity to attempt to amend his complaint to cure the identified deficiencies. Plaintiff declined to do so and notified the Court in writing that he only wished to proceed on the claims identified as cognizable. Thus, no further leave to amend is warranted here.

For these reasons, IT IS HEREBY RECOMMENDED that Defendant Chanelo be dismissed from this action for Plaintiff's failure to state a claim against him for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:    **December 15, 2017**            /s/ *Barbara A. McAuliffe*
                                                                              UNITED STATES MAGISTRATE JUDGE