# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>R. HERNANDEZ, et al.,<br><br>Defendants. | Case No.: 1:16-cv-01439-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br>[Doc. No. 28]<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE<br>[Doc. No. 29] |

Plaintiff Michael A. Washington is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Stane, Stinson, Chambers, and Denney.

Currently before the Court are Plaintiff's (1) motion for the appointment of counsel (Doc. No. 28), and (2) motion for an extension of the discovery deadline (Doc. No. 29), both filed on April 19, 2018. Although Defendants have not responded to these motions, the Court finds that they will not be prejudiced by their immediate consideration, and no response is required. Local Rule 230(l).

**I.  Motion for Appointment of Counsel**

Plaintiff seeks the appointment of counsel, stating in support that he cannot afford a lawyer and proceeds *in forma pauperis* in this action, that his imprisonment limits his ability to

litigate, that he has limited law library access, and that the issues in his case are complex and would be better presented by counsel.

Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion seeking the appointment of counsel will be denied, without prejudice.

**II.     Motion for Extension of Discovery Deadline**

By this Court's September 12, 2017 discovery and scheduling order, the discovery deadline in this case is May 12, 2018. (Doc. No. 16.) Plaintiff seeks to extend that deadline because he has not had access to the law library since the end of February due to a housing transfer and the absence of the librarian. (Doc. No. 29.)

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed

unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Id*. at 608 (citing Fed. R. Civ. P. 16(b)).

Here, the Court is unable to find good cause based on Plaintiff's motion. Plaintiff does not state what discovery or discovery motions that he seeks to complete. He does not explain why that discovery could not be completed by the end of the discovery deadline, nor how much additional time is needed. The Court also cannot determine whether Plaintiff has been diligent in attempting to complete his discovery by the deadline. As a result, his motion will be denied.

### III. Conclusion and Order

For the reasons explained above, it is hereby ordered that:

1. Plaintiff's motion for the appointment of counsel, filed on April 19, 2018 (Doc. No. 28) is denied, without prejudice; and

2. Plaintiff's motion for an extension of the discovery deadline, filed on April 19, 2018 (Doc. No. 29), is denied.

IT IS SO ORDERED.

Dated: **April 23, 2018**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE